UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


BERNARD JOHNSON, Jr.,          :
                               :
        Plaintiff,             :    No. 4:CV-06-0317
                               :
     vs.                       :    (Complaint filed 02/13/06)
                               :
PETE SHELLUM,                  :    (Judge Muir)
                               :
        Defendant              :

ORDER

March 1, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On February 13, 2006, Plaintiff Bernard Johnson, Jr.,
initiated this action by filing a complaint.  Johnson is an
inmate at the Federal Correctional Institution at Allenwood, in
White Deer, Pennsylvania.  The sole defendant named in the
complaint is Pete Shellum, whom Johnson identifies as "a private
citizen ... employed as a newspaper colomnist [sic] at the
Harrisburg Patriot News newspaper, ...." (Document 1, p. 2)  The
core of Johnson's complaint is the allegation that

> Defendant Pete  Shellum abused his First Amendment right of
> freedom of speech to slander [Johnson] publicly by writing a
> ... newspaper article about [Johnson] on December 10, 2004,
> and possibly another article in June 2005.  Mr. Shellum's
> slander was responsible for causing [Johnson] irreparable
> injury where [his] reputation has been destroyed, [his]
> relationship with family and friends has been
> severed/destroyed, and has caused [Johnson] to get into
> numerous fights in prison ....

(Id.)

Johnson also filed on February 13, 2006, an application to

proceed *in forma pauperis*.   An administrative order authorizing
prison officials to deduct the filing fee from his inmate account
has been issued and we will grant Johnson's application to
proceed *in forma pauperis* subject to the requirements of 28
U.S.C. §1915(b).   We received the file in this case on February
23, 2006.

Title 28 U.S.C. § 1915(e)(2) provides in relevant part as
follows:

> Notwithstanding any filing fee, or any portion thereof, that
> may have been paid, the court shall dismiss the case at any
> time if the court determines that ... the action ... is
> frivolous or malicious ... [or] fails to state a claim on
> which relief may be granted.

28 U.S.C. § 1915A(e)(2)(A), (e)(2)(B).

The only potential causes of action raised in Johnson's
complaint are slander or libel.[1]   Each is a Pennsylvania state
law claim which fails to raise any federal question.   *See* City of
Rome v. Glanton, 958 F.Supp. 1026, 1034 (E.D.Pa. 1997)(Katz,
J.)("For the libel and slander [claims], Pennsylvania law
applies.").   Our review of the complaint indicates that there is
no potential basis for federal jurisdiction, such as diversity of
citizenship.

Under these circumstances, a federal court should not

---

1.  Johnson expressly refers only to "slander."   However, because
libel applies where an allegedly injurious communication is
written, as is the case here, we will construe the complaint
liberally to encompass such a claim.

exercise jurisdiction over the complaint. United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); Gomez v. Coughlin, 685 F.Supp. 1291, 1301 (S.D.N.Y. 1988)(dismissing plaintiff's slander claim for lack of jurisdiction).  The Court of Appeals for the Third Circuit has stated that

> the rule within this Circuit is that once all claims with an independent basis of federal jurisdiction have been dismissed the case no longer belongs in federal court. *See Lovell Mfg. Corp. v. Export-Import Bank of the United States,* 843 F.2d 725, 734 (3d Cir.1988).

Markowitz vs. Northeast Land Co., 906 F.2d 100, 106 (3d Cir. 1990).  Because no claim with an independent basis for federal jurisdiction has been pled in Johnson's complaint, this case does not belong in federal court.

We will dismiss Johnson's complaint because it fails to state a claim upon which relief may be granted in this court and therefore is frivolous as a matter of law.

NOW, THEREFORE, IT IS ORDERED THAT:

1.    Johnson's application to proceed *in forma pauperis* is granted subject to the requirements of 28 U.S.C. § 1915(b).

2.    Johnson's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A) and (e)(2)(B) because it fails to state a claim upon which relief may be granted.  The complaint is dismissed without prejudice to Johnson's

right to proceed on his claims in Pennsylvania state court.

3. The Clerk of Court shall close this case.

4. Any appeal of this order will be deemed frivolous, without probable cause, and not taken in good faith.


s/Malcolm Muir
MUIR, U.S. District Judge

MM:ga